UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

THE UNITED STATES OF AMERICA

v.

Michael Bernd Kreider,

              Defendant.
_____

**Hon. Hugh B. Scott**

06-M-2157

Decision
&
Order

The complaint in this matter charges the defendant with a violation of 8 U.S.C. §1326. It is alleged that the defendant was "found at" the Peace Bridge Port-of-Entry at Buffalo, New York on or about July 20, 2006 "after having been previously deported and without having received permission from the Secretary of the Department of Homeland Security to re-enter the United States." The affidavit supporting the criminal complaint asserts that the defendant was a passenger on a commercial tour bus attempting to cross into Canada; that the defendant was refused entry into Canada by the Canadian authorities after they investigated his false claim to be a permanent U.S. resident.

The defendant presented a German passport to Customs and Border Protection officers; upon investigation, CBP officials discovered that the defendant had been previously deported from the United States. Upon questioning, the defendant is alleged to have stated that he illegally re-entered the United States in July of 2003 while hiding in the trunk of a car driven by

1

his wife. The supporting affidavit concludes that probable cause exists to believe that the defendant "entered the United States without first obtaining permission from the Attorney General, or his successor, the Secretary of the Department of Homeland Security, in violation of Title 8, United States Code, Section 1326(a)." (Docket No. 1 at page 4). That section provides that any alien who ... (1) has been denied admission, excluded, deported, or removed [from ] the United States ... and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, .. Without the permission of the Attorney General or Secretary of Homeland Security is in violation of the Act.

The Court finds that the allegations in the complaint and supporting affidavit are insufficient. The allegations relating to the defendant being apprehended on July 20, 2006 at the Peace Bridge are insufficient to support a charge under the "found in" language of 1326(a) inasmuch as his denial of re-entry at that time does not meet the statutory definition. United States v. Canals-Jimenex, 943 F.2d. 1284 (11th Cir. 1991); United States v. Angeles-Mascote, 206 F.3d. 529 (5th Cir. 2000). Similarly, because the defendant was denied entry into the United States on July 20, 2006, the complaint fails to adequately state a charge under the "enters" language of §1326(a).

Although the supporting affidavit includes allegations to the effect that the defendant admitted illegally entering the United States in 2003, it is unclear whether the instant charge against the defendant is based upon that statement. Further, the complaint and supporting affidavit lack sufficient information as to where such an entry took place and whether venue properly exists in this District for such a charge. The Court notes that the current criminal complaint does not charge the defendant with attempted re-entry on July 20, 2006.

Based on the above, the criminal complaint is dismissed without prejudice.

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
August 3, 2006

3